UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KUSHNER LAGRAIZE, LLC                                                           CIVIL ACTION

VERSUS                                                                                          NO. 09-3376

PHOENIX INSURANCE COMPANY                                SECTION "K"(2)

## ORDER AND REASONS

Before the Court is Defendant Phoenix Insurance Company's ("Phoenix") Motion to Dismiss (Rec. Doc. 5) ("Mot."). Plaintiff Kushner Lagraize, LLC ("Kushner") has filed an opposition (Rec. Doc. 7) ("Opp."). Phoenix has filed a reply (Rec. Doc. 12) ("Reply"). After consideration of the complaint, the pleadings, and the relevant law, the Court has determined that Phoenix's motion has merit. As it appears that no amendment can correct these deficiencies, Kushner's complaint shall be dismissed with prejudice.

**I. FACTS**

Kushner is Louisiana limited liability company domiciled in Jefferson Parish. Compl. (Rec. Doc. 1). Kushner's claim arises out of Hurricane Gustav, which made landfall in Louisiana on Monday, September 1, 2008. Kushner had a contract of insurance with Phoenix at this time that provided "property, liability, business income and extra expenses coverages" at Kushner's premises located at 3330 West Esplanade Avenue, Metairie, Louisiana, located in Jefferson Parish. Compl. ¶ 4. Kushner alleges that on or about Saturday, August 30, 2008, Jefferson Parish issued a mandatory evacuation order. Compl. ¶ 5. Due to the mandatory

evacuation and subsequent storm, Kushner avers that it was not able to resume operations until Monday, September 8, 2008. Compl. ¶ 5.

Based on the aforementioned events, Kushner has made three claims. First, it alleges that Phoenix failed to pay business interruption expenses and for loss of business income due to the "Civil Authority" provisions of the parties' insurance contract. Compl. ¶ 5 (Rec. Doc. 1). Kushner further asserts that Phoenix did not compensate Kushner under the "extra expenses" clause of the contract. Compl. ¶ 5. Last, Kushner alleges that Phoenix's failure to pay such fees amounts to bad faith, and therefore Kushner is entitled to attorneys' fees, costs, interest, and penalties as set forth in La. Rev. Stat. § 1892 and § 1973.

## II. ANALYSIS

Phoenix brings the present motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). This Court will therefore "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.,* 495 F.3d 232, 237 (5th Cir. 2007).

## 1. Business Income and Extra Expenses Provisions

Kushner first asserts that Phoenix failed to pay expenses under the "civil authority" provision of its insurance contract. The parties do not dispute that Phoenix paid for civil authority business interruption for September 2nd and September 3rd, 2008. The dispute here regards payment for civil authority business interruption for September 1st, 2008, and September 4th and 5th, 2008.

"An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009) (quoting *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003)). Under the Louisiana Code, "[t]he written instrument, in which a contract of insurance is set forth, is the policy." La. Rev. Stat. § 22:864. "Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code. art. 2045. "The words of a contract must be given their generally prevailing meaning." La. Civ. Code art. 2046. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2047. The Code further states that "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. Rev. Stat. § 22:881.

Here, the clear terms of the policy prove that Kushner's claim is meritless. The policy provides that Phoenix would pay Kushner for "actual loss of Business Income" due to any

suspension of operations during the "period of restoration." Mot., Ex. D. The "period of restoration" means the period of time commencing "72 hours after the time of direct physical loss or damage." Kushner has made no allegation of physical damage to its premises, and therefore this provision does not apply.

With regards to the "civil authority" coverage, the contract required Phoenix to pay for "actual loss of Business Income [Kushner] sustain[ed] and reasonable and necessary Extra Expense [Kushner] incur[red] caused by action of civil authority that prohibits access to the described premises." Mot., Ex. D. The policy provides two conditions that apply to such civil authority claims. First, "[t]he civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, that are within 100 miles of the described premises, caused by or resulting from a Covered Cause of Loss." Mot., Ex. D. Second, such coverage only begins "24 hours after the time of that [civil authority] action and will apply for a period of three consecutive weeks after coverage begins." Mot., Ex. D.

Kushner claims that its civil authority coverage should begin when the evacuation order was allegedly made "on or about August 30, 2008," Compl. ¶ 5. In fact Jefferson Parish ordered mandatory evacuation at noon on Sunday, August 31, 2008. Jefferson Parish, Louisiana, News Release, Jefferson Parish Mandatory Evacuations, Aug. 31, 2008, *at* http://www.jeffparish.net/index.cfm?DocID=6312 (last visited Sept. 7, 2009). Damage occurred no earlier than landfall on September 1, 2008. The evacuation order remained in effect until 6:00 a.m. on Wednesday, September 3, 2008. Jefferson Parish, Louisiana, News Release, Re-Entry Update and Conditions in Jefferson Parish, Sept. 2, 2008, *at*

4

http://www.jeffparish.net/index.cfm?DocID=6365 (last visited Sept. 7, 2009). The Court takes judicial notice of these orders as a public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). There appears no dispute that the evacuation order was made due to a covered loss that occurred within 100 miles of Kushner's business location. Under the terms of the insurance policy, coverage would begin twenty-four hours after damage occurred within 100 miles of the premises that was subject to the evacuation order: landfall of Hurricane Gustav in the morning hours of September 1, 2008. Thus, Kushner's claim for coverage on or prior to September 1st fails.

Kushner also claims that civil authority coverage should last for three weeks after the evacuation order because the contract states that coverage "will apply for a period of three consecutive weeks after coverage begins." Mot., Ex. D; *see* Opp. at 5. This definition would lead to the illogical conclusion that even a short civil authority intervention results in three weeks of guaranteed insurance payments. Such absurd results are prohibited by the Code. La. Civ. Code art. 2047. The much more logical interpretation is that civil authority coverage can last no longer than three weeks. Therefore, the civil authority evacuation terminated at 6:00 a.m. on Wednesday, September 3, 2008. As Phoenix paid Kushner for business interruption expenses on September 2nd and September 3rd, 2008, Phoenix has no further duty to pay for business interruption.

Kushner's second contractual claim alleges that Phoenix failed to pay it for "extra expenses" incurred due to Hurricane Gustav. Compl. ¶ 6. The insurance contract requires

5

compensation for "extra expenses," defined as "reasonable and necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss." Mot., Ex. D. Here, Kushner has made no allegation of any physical loss or damage to property. Accordingly, under *Twombly*, it has failed to sufficiently allege facts that may state a claim for relief.

### 2. Bad Faith Claims

Kushner's last claim alleges that Phoenix was in bad faith in denying coverage. Compl. ¶¶ 13-16, 19-23 (citing La. Rev. Stat. § 1892). As noted by Phoenix and well-established by Louisiana case law, a claim for bad faith must be premised upon a valid claim for breach of an insurance contract. *Phillips v. Patterson Ins. Co.*, 813 So.2d 1191, 1195 (La. Ct. App. 3d Cir. 2002) (dismissing claim for bad faith penalties where "no viable underlying claim" existed due to dismissal for prescription); *Tatum v. Colonial Lloyds Ins. Co.*, 702 So.2d 1076, 1078 (La. Ct. App. 3d Cir. 1997) ("[W]e conclude that since [La. Rev. Stat. § 22:1973] provides for damages and penalties within the Louisiana Insurance Code, an underlying cause of action giving rise to the possibility of such damages and penalties must be maintainable under the law of this state to which that Code is applicable."); *Clausen v. Fidelity & Deposit Co. of Md.*, 660 So.2d 83, 85-86 (La. Ct. App. 1st Cir. 1995) ("Regarding recovery under [La. Rev. Stat. §§ 22:1892 and 22:1973], we conclude that a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which

insurance coverage is based. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim."). Because Kushner has not asserted a valid breach of contract claim, as established *supra*, it cannot make any bad faith claims here.

### III. CONCLUSIONS

For the reasons stated herein, accordingly,

**IT IS ORDERED** that Defendant Phoenix Insurance Company's Motion to Dismiss (Rec. Doc. 5) ("Mot.") is **GRANTED**, and the Complaint of Plaintiff Kushner Lagraize, LLC (Rec. Doc. 1) is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this ____9th____ day of September, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**